UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

WILLIAM M. MATTEI and TRACY MATTEI,

                                    Debtors.

BRENDA WILEY AS ADMINISTRATOR C.T.A.
OF THE ESTATE OF JEFFREY KEAHON a/k/a
HAROLD JEFFREY KEAHON,

                                    Plaintiff/Appellee,

                - against -

WILLIAM M. MATTEI and TRACY MATTEI,

                                    Defendants/Appellants.

**OPINION AND ORDER**

23-CV-06093 (PMH)

PHILIP M. HALPERN, United States District Judge:

William M. Mattei and Tracy Mattei ("Appellants") appeal from the Judgment of the United States Bankruptcy Court for the Southern District of New York (Beckerman, B.J.) ("Bankruptcy Court") dated June 16, 2023 (AP Doc. 37),[1] which denied Appellants a discharge pursuant to 11 U.S.C. § 727(a)(4)(A). A Notice of Appeal dated June 16, 2023 was filed in this Court on July 14, 2023. (Doc. 1).

Appellants filed their brief on July 14, 2023. (Doc. 10, "App. Br."). On October 16, 2023, Brenda Wiley as Administrator C.T.A. of the Estate of Jeffrey Keahon ("Appellee") filed Appellee's brief (Doc. 12, "Opp. Br."), and the appeal was fully submitted with the filing of Appellants' reply brief on October 23, 2023 (Doc. 17, "Reply"). Appellants subsequently filed two

---

[1] Citations to "AP Doc. ___" are references to the electronic docket in the Adversary Proceeding. *Brenda Wiley, as Administrator C.T.A., of the Estate of Jeffrey Keahon v. William M. Mattei and Tracey Mattei*, No. 21-AP-07029.

letters annexing supplemental authority in further support of their argument that the Bankruptcy Court lacked subject matter jurisdiction because Appellee lacked standing to maintain the Adversary Proceeding. (Doc. 18; Doc. 19).

For the reasons set forth below, the Court affirms the rulings of the Bankruptcy Court in all respects.

## <u>BACKGROUND</u>

The facts recited herein are drawn from the record on appeal. (*See* Doc. 9).[2] On May 9, 2002, Jeffrey Keahon executed his Last Will and Testament in which he appointed Angela Mattei as Executor. (AP Doc. 23 ¶ 7).[3] Jeffrey Keahon passed away on September 18, 2013. (*Id*.). Angela Mattei was granted Letters Testamentary in 2014 and on August 5, 2015, she filed a petition for judicial settlement of the Estate of Jeffrey Keahon ("E/O Keahon"). (*Id*. ¶ 12). Appellee, in April 2016, filed a petition to suspend or revoke Angela Mattei's Letters Testamentary, arguing, *inter alia*, that Angela Mattei had engaged in self-dealing and other improprieties during the time she served as executor of E/O Keahon. (*Id*. ¶ 14). Angela Mattei passed away in June 2016. (*Id*.). Angela Mattei's son, Appellant William Mattei, was appointed as executor of Angela Mattei's estate ("E/O Mattei"). (*Id*.). Appellee's petition to remove Angela Mattei as executor of E/O Keahon was granted in November 2016 and Appellee was appointed as Administrator C.T.A. (*Id*. ¶ 15). Appellee, in May 2017, filed objections to the accounting that had been filed by Angela Mattei in 2015. (*Id*.).

---

[2] For ease of reference, the Court cites to the electronic docket entries identified in Appellants' Second Amended Designation of Record on Appeal. (Doc. 9).

[3] The Court, when citing to facts set forth in the parties' statements of undisputed material facts submitted in support of, or in opposition to, the cross-motions for summary judgment in the Adversary Proceeding, includes herein only those undisputed facts as admitted by the non-movant.

On June 26, 2018, the Surrogate's Court of the State of New York, County of Rockland, entered a Decision and Order in E/O Keahon on Appellee's motion for partial summary judgment relating to her objections to the accounting filed by Angela Mattei in 2015. (BR Claim 8, Part 2 at 4).[4] The Surrogate's Court granted that motion in part and surcharged Angela Mattei for various amounts. (*Id.*). On November 30, 2018, the Surrogate's Court issued a Decree of Judicial Settlement of Final Account which, according to the transcript of decree, directed the total amount of $120,825.69 be paid by E/O Mattei to E/O Keahon. (*Id.* at 17-21). According to Appellee's proof of claim herein, Appellants' counsel advised that E/O Mattei was insolvent and could not pay the judgment entered against it. (BR Claim 8, Part 2 at 2). Accordingly, on May 24, 2019, Appellee commenced a proceeding pursuant to Surrogate's Court Procedure Act § 2103 to discover and recover property withheld from E/O Keahon (the "2103 Proceeding"). (AP Doc. 1 ¶ 29;[5] AP Doc. 13-15).

On August 28, 2020, Appellee filed an Amended Petition in the 2103 Proceeding alleging the following claims against Appellants: (1) violation of Debtor and Creditor Law § 273; (2) violation of Debtor and Creditor Law § 273-a; (3) violation of Debtor and Creditor Law § 275; (4) violation of Debtor and Creditor Law § 276; (5) violation of Debtor and Creditor Law § 276-a; and (6) for a constructive trust. (AP Doc. 13-16). On November 4, 2020, Appellee moved for summary judgment in the 2103 Proceeding and on January 4, 2021, Appellants opposed and cross-moved for dismissal of the Petition. (AP Doc. 1 ¶¶ 34, 35; AP Doc. 13-18).

---

[4] Citations to "BR Claim 8" are to the electronic claims register proof of claim filed by Appellee in the underlying Bankruptcy Proceeding.

[5] Allegations in the pleading are deemed admitted if a responsive pleading is required and the allegation is not denied. Fed. R. Civ. P. 8(b)(6).

On March 2, 2021, Appellants filed for bankruptcy. (BR Doc. 1).[6] The Chapter 7 Voluntary Petition filed by Appellants included the claim of E/O Keahon for a Constructive Trust in the amount of $200,000 in Schedule E/F: Creditors Who Have Unsecured Claims. (*Id*. at 28). Appellants' Official Form 107 Statement of Financial Affairs also disclosed the 2103 Proceeding as a pending legal action against them. (*Id*. at 46). Separately, and unrelated to the E/O Keahon issue, Appellants did not include in their original Schedules A/B and I, or Statement of Financial Affairs, any income received for educational services provided by Appellant Tracey Mattei to the children of Richard and Monica Maresca pursuant to a July 22, 2020 agreement between them and Appellants' business, Mattei Mastery LLC ("Mattei Mastery Agreement" or the "Agreement"). (*See id* at 38; AP Doc. 21 at 81). Appellants testified at a 341 Meeting on April 8, 2021 about Mattei Mastery LLC as well as educational services being performed by Tracy Mattei and payment received therefor. (AP Doc. 26-9 at 31-40). Following the 341 Meeting, and in response to the Trustee's investigation and requests, Appellants filed Amended Schedules in April, June, and July, 2021, and in August, 2022. (BR Docs. 9, 20, 23, 56; AP Doc. 35, "Hrg. Tr." at 86:13-21, 87:19-20). Appellants, in their amended schedules, continued to include the E/O Keahon claim. (*See generally id*.). Appellants' amended schedules and statements included only a portion of the income received under the Agreement. (*See generally id*.; Hrg. Tr. at 115:14-21, 130:15-22).

On June 7, 2021, Appellee commenced the Adversary Proceeding, asserting four claims for relief: (1) non-dischargeability of Appellee's debt under Section 523(a)(2)(A) (Count I); (2) non-dischargeability of Appellee's debt under Section 523(a)(4) (Count II); (3) objection to Appellants' discharge under Section 727(a)(3) (Count IV); and (4) objection to Appellant's

---

[6] Citations to "BR Doc. ___" are to the electronic docket in the underlying Bankruptcy Proceeding. *In re William M Mattei and Tracey Mattei*, No. 21-BK-22130.

discharge under Section 727(a)(4)(A) (Count V).[7] (AP Doc. 1). Appellants filed an Answer to the Complaint on July 1, 2021. (AP Doc. 3).

On August 17, 2021, the Surrogate's Court entered a Decision and Order in the 2103 Proceeding denying Appellee's motion for summary judgment and granting in part and denying in part Appellants' cross-motion to dismiss the 2103 Proceeding. (AP Doc. 13-18). All five of Appellee's claims under the Debtor and Creditor Law except the second claim for relief for violation of Debtor and Creditor Law § 273-a, and her claim for a constructive trust, survived Appellants' cross-motion and the parties were scheduled to appear thereafter for a pretrial conference. (*Id*.). Those surviving claims relate to allegations concerning Appellant William Mattei's misappropriation and conversion of funds belonging to E/O Mattei. (*See* AP Doc. 13-16). The gravamen is that but for these inappropriate transfers of funds from E/O Mattei, the funds could have been used to pay the judgment entered against E/O Mattei in favor of E/O Keahon. (*See id*.; BR Claim 8, Part 2).

On January 3, 2022, Appellee filed a proof of claim in the Bankruptcy Proceeding in the amount of $221,793.46 citing as the basis for the claim, "[m]isappropriation and fraudulent conveyance," and annexing an attorney affirmation with exhibits particularizing and supporting the claim. (BR Claim 8).

On April 25, 2022, Appellants moved in the Adversary Proceeding for summary judgment dismissing all of Appellee's claims. (AP Doc. 13). On July 18, 2022, Appellee cross-moved for summary judgment in her favor on Count V of the Complaint for a denial of Appellants' discharge in bankruptcy pursuant to 11 U.S.C. §727(a)(4), and opposed Appellants' motion for summary

---

[7] The Complaint in the Adversary Proceeding misnumbered the claims for relief, such that the third claim is denominated "Count IV" and the fourth claim is denominated "Count V." (*See* AP Doc. 1).

judgment. (AP Doc. 21). Appellants opposed Appellee's cross-motion on August 19, 2022 (AP Doc. 26), and oral argument was held on August 24, 2022. (AP Doc. 41, "SJ Tr."). The Bankruptcy Court ruled from the bench, granting Appellants' motion for summary judgment with respect to Counts I, II, and IV, and denying both their motion and Appellee's cross-motion with respect to Count V. (SJ Tr. at 32-49). A written order memorializing that ruling was entered on August 25, 2022. (AP Doc. 28).

The Bankruptcy Court subsequently held an evidentiary hearing on November 3, 2022 and heard testimony from the Appellants and Appellee concerning, *inter alia*, Appellants' failure to accurately disclose information concerning income from Mattei Mastery, LLC in connection with the Agreement. (*See* Hrg. Tr.). On June 8, 2023, the Bankruptcy Court issued a written Opinion & Order denying Appellants' request for a discharge under Section 727(a)(4)(A). (AP Doc. 36). Judgment in accordance therewith was entered on June 16, 2023. (AP Doc. 37).

This appeal followed.

## STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in pertinent part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." "The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*." *In re Markus*, 78 F.4th 554, 563 (2d Cir. 2023). The clear error standard permits the Court to set aside the Bankruptcy Court's factual findings only if the Court is "left with the definite and firm conviction that a mistake has been committed." *Sacerdote v. New York Univ.*, 9 F.4th 95, 119 (2d Cir. 2021) (citing *United States v. U.S. Gypsum*, 333 U.S. 364, 396

(1948)). "[C]lear error review mandates that [the Court] defer to the [Bankruptcy Court's] factual findings, particularly those involving credibility determinations." *Id.* (citing *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005)). A *de novo* review on the other hand allows the Court "to decide the issue as if no decision had been previously rendered. No deference is given to the Bankruptcy Court's decision." *In re Reilly*, 245 B.R. 768, 772 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000).

Whether an entity is a "creditor" under Section 727(c)(1) with standing to object to a debtor's discharge is a question of law reviewed *de novo*. *Abraham v. Stuart*, No. 15-CV-04864, 2016 WL 4045432, at *5 (E.D.N.Y. July 28, 2016) (Bianco, J.), *aff'd sub nom. In re Abraham*, 693 F. App'x 59 (2d Cir. 2017). The question of a debtor's knowledge and intent to deceive under Section 727(a) are questions of fact to which the clear error standard applies. *Abraham*, 2016 WL 4045432, at *4.

## ANALYSIS

Appellants argue that the Bankruptcy Court erred in denying a discharge under Section 727(a)(4)(A) on the grounds that: (1) Appellee was not a creditor and therefore lacked standing at the time of the evidentiary hearing because the Bankruptcy Court's decision at summary judgment eliminated any claim Appellee may have had against Appellants; and (2) Appellants did not act with a "reckless disregard for the truth" so as to justify a finding of "fraudulent intent" resulting in denial of a discharge.

I.    Standing

The Appellee must be a "creditor" in order to have standing to object to the granting of a discharge under Section 727(a). *See* 11 U.S.C. § 727(c)(1) ("The trustee, a *creditor*, or the United States trustee may object to the granting of a discharge . . ." (emphasis added)). A creditor is an

"entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 1010(10). A claim is defined as a "right to a payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5). "A 'claim' may also include a cause of action or right to payment that has not yet accrued or become cognizable." *In re Cestaro*, 598 B.R. 520, 529 (Bankr. D. Conn. 2019) (citing 2 Collier on Bankruptcy P. 101.05 (16th 2018)).

The Bankruptcy Court properly considered Appellee a "creditor" of Appellants under Section 727(c)(1) with standing to object to Appellants' discharge under Section 727(a)(4)(A). Appellants argue that the Bankruptcy Court's August 24, 2022 decision on the cross-motions for summary judgment "served to totally eviscerate the factual underpinnings of any claim which the Appellee may have had, thus depriving [Appellee] of standing to seek denial of [Appellants'] discharge." (App. Br. at 26). The grounds argued by Appellant for this proposition are that the Bankruptcy Court found that "Appellants committed no acts of fraud, or the misappropriation of any funds, and were not in any way indebted to the Appellee. Nor was there any evidence to require the imposition of a 'constructive trust'. . . In making these factual determinations, the Appellee lost its status as a creditor, and thus its standing to maintain a § 727(a)(4)(A) proceeding." (*Id.*; *see also* Reply at 9, 12).

Not so. Rather, the findings of the Bankruptcy Court to which Appellants refer concerned the Section 523(a)(2)(A) and 523(a)(4) claims in the Adversary Proceeding. (SJ Tr. at 34-37). Specifically, the Bankruptcy Court dismissed those claims because it found, as relevant here, that there was no "debt" owed by these Appellants to Appellee. (*Id.*). A "debt" under Section 523(a) is "liability on a claim" for purposes of Section 727(a)—the words "debt" and "claim" are simply

not synonymous. *See* 11 U.S.C. §§ 101(5), (12) (defining "claim" and "debt"). Further, the Bankruptcy Court, when it stated that "[t]here is no evidence of an express or technical trust where [E/O Keahon] is a beneficiary and [Appellants] are fiduciaries" (SJ Tr. at 37), was specifically referring to Count II of the Adversary Complaint which was brought under Section 523(a)(4). In other words, Appellants are misconstruing the Bankruptcy Court's factual findings by conflating the rulings on the Section 523(a) claims with the Section 727(a) claims. Separately, the Bankruptcy Court dismissed Appellee's Section 727(a)(3) claim on grounds entirely unrelated to whether Appellee had or has a claim against Appellants for purposes of creditor standing. (*Id*. at 37-38).

A comparison of the remaining claims in the 2103 Proceeding and that which was adjudicated at summary judgment in the Adversary Proceeding reveals that Appellee does in fact still have "a cause of action or right to payment that has not yet accrued or become cognizable." *In re Cestaro*, 598 B.R. at 529. Indeed, she has claims in the Surrogate's Court, but not a debt because liability on the claims has not yet been adjudicated by the Surrogate. (AP Doc. 13-18). Specifically, Appellee's remaining claims under the Debtor and Creditor Law and for a constructive trust against Appellants in the 2103 Proceeding which survived summary judgment in the Surrogate's Court are claims for purposes of standing herein. (*Id*.). Moreover, Appellants listed Appellee as holding a contingent, disputed claim of $200,000 when they filed for bankruptcy. (BR Doc. 1 at 31). The fact that Appellants dispute Appellee's claim does not deprive her of standing. *Abraham*, 2016 WL 4045432, at *5.

This Court therefore concludes, under a *de novo* standard of review, the Bankruptcy Court correctly considered Appellee to be a creditor of Appellants when it denied a discharge under Section 727(a)(4)(A).[8]

II.     Denial of a Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A)

Section 727(a)(4)(A) of Title 11 of the United States Code provides:

> (a) The court shall grant a debtor a discharge, unless—
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A). The bankruptcy courts, in exercising its discretion under this section, "must keep in mind that '§ 727 imposes an extreme penalty for wrongdoing,' and 'it must be construed strictly against those who object to the debtor's discharge and 'liberally in favor of the bankrupt.'" *In re Jones*, 786 F. App'x 309, 312 (2d Cir. 2019) (quoting *In re Chalasani*, 92 F.3d 1300, 1310 (2d Cir. 1996)). It is well established that to prove an objection to discharge under § 727(a)(4)(A), the creditor must prove the following by a preponderance of the evidence: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *In re Abraham*, 693 F. App'x at 61; *In re Boyer*, 328 F. App'x 711, 715 (2d Cir. 2009); *In re Klutchko*, 338 B.R. 554, 567 (Bankr. S.D.N.Y. 2005).

"Although the objector to a debtor's discharge bears the ultimate burden of proof, by a preponderance of the evidence, . . . the objector may present a sufficient prima facie case on certain

---

[8] Appellants also argue in a footnote that because Appellee's claims sounded in fraud, they held only non-dischargeable claims, thereby depriving them of standing to object to discharge under Section 727(a). (App. Br. at 33 n.12). The Court need not and will not consider this argument. *See United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review."). In any event, and as Appellants themselves point out, those claims were dismissed by the Bankruptcy Court and were not adjudicated non-dischargeable debt under Section 523(a). (App. Br. at 33 n.12).

aspects of the question to place the burden on the debtor to come forward with contrary evidence." *In re Klutchko*, 338 B.R. at 567 (internal citations omitted). "Where it reasonably appears that the oath is false, the burden falls upon the debtor to come forward with evidence to prove that it was not an intentional misrepresentation. If the debtor fails to provide such evidence or a credible explanation for his failure to do so, a court may infer fraudulent intent." *Id*. (citations omitted).

The Bankruptcy Court found that Appellants violated section 727(a)(4)(A) because: (1) they made statements under oath when filing their Schedules and Statement of Financial Affairs, in multiple amendments to their Schedules and Statement of Financial Affairs, and they testified under oath at the Section 341 meeting held on April 8, 2021; (2) the original schedules and statements did not disclose all income earned under the Mattei Mastery Agreement and the amended schedules and statements continued to omit a portion of the monthly income received under that Agreement; (3) they amended their schedules and statements three times over a 16-month period in response to the Trustee's investigation and requests, and continued to fail to disclose income earned under the Agreement in part thereafter, demonstrating they knew the statements were false; (4) their explanation for the omission and continued omission from the schedules of a portion of the income from the Agreement was not credible; and (5) the omission in question relates materially to the bankruptcy case as it relates to the income and assets of the debtors. (AP Doc. 36).

Appellants argue that the Bankruptcy Court erred in concluding that they acted with fraudulent intent because Appellants simply made "an unintentional mistake, due primarily to their inexperience in running a business" and it was improper to use the fact that Appellants both have master's degrees in education as evidence of their "financial sophistication." (App. Br. at 40-41). They do not dispute the fact that they omitted information concerning income from the Mattei

Mastery Agreement under oath, but they ask this Court to overlook the false statements and conclude they "possessed little if any 'financial sophistication' or business acumen" and were simply unable "to properly calculate and report Tracy's income." (*Id*. at 30, 41, 45, 49). They contend that by disclosing the Agreement and their bank statements to the Trustee, they mitigated any failure to disclose income under the Agreement. (*Id*. at 45).

The Bankruptcy Court did not err in concluding that the omission and continued omission from Appellants' schedules of a portion of the income from the Agreement warranted a denial of discharge. Giving due deference "to the Bankruptcy's Court factual findings, particularly those involving credibility determinations," *Sacerdote*, 9 F.4th at 119, the record corroborates the Bankruptcy Court's finding that Appellants' actions demonstrated a reckless disregard for the truth and that they therefore acted with fraudulent intent. Contrary to Appellants' contentions, the Bankruptcy Court's comments concerning Appellants' master's degrees in education was made in response to counsel's contention that Appellants were unable to convey the method by which they calculated Tracy Mattei's income. The Bankruptcy Court did not suggest that a master's degree in education "make[s] one an expert in accounting, mathematics, taxes, the nuances of calculating a payroll, or running a business." (App. Br. at 21). Such a high level of education does however, as the Bankruptcy Court correctly concluded, make it far less credible to believe that Appellants, who also had professional training as teachers in how to communicate, had such an inability to communicate with counsel. (*See* AP Doc. 36 at 7-8). This Court defers to the Bankruptcy Court's credibility determination in this regard.

Appellants testified they structured the Agreement so as to avoid exceeding the statutory limit on earned income, in order to ensure that Tracy Mattei did not lose her disability benefits and possibly have to pay additional taxes to the IRS. (Hrg. Tr. at 71:10-14, 80:1-4, 128:2-6). The terms

of payments under the Agreement, however, were not listed on Appellants' schedules (calling for two monthly payments totaling approximately $3,333.34 for at least seven months prior to filing the initial petition). (AP Doc. 21 at 87). After the Trustee raised the issue of the failure to disclose the income received under the Agreement, Appellants could have amended their filings to disclose the full amount of the income received, but they continued to omit a portion of the income. (BR Docs. 9, 20, 23, 56; Hrg. Tr. at 115:14-21, 130:15-22). Appellants' excuses of a lack of business acumen and an inability to communicate are unconvincing. *See, e.g., In re Abraham*, 693 F. App'x at 61 (affirming denial of discharge where debtor's claim of carelessness was "unconvincing" in light of evidence demonstrating, *inter alia*, continued failure to disclose business interests in amended petitions); *In re Kaiser*, 722 F.2d 1574, 1583 n.4 (2d Cir. 1983) (affirming denial of discharge based on false oaths when "Appellant's attempts to justify his misconduct by the actions of others and his own inadvertence are unpersuasive").

Accordingly, the Bankruptcy Court did not err in finding Appellants' omission and continued omission of income from the Mattei Mastery Agreement demonstrated a reckless disregard for the truth and accuracy of the documents submitted and that the "knowing and fraudulent" element of Section 727(a)(4)(A) is, therefore, satisfied. *Abraham*, 2016 WL 4045432, at *10. The denial of a discharge was therefore proper.

## <u>CONCLUSION</u>

For the foregoing reasons, Appellants' appeal of the Bankruptcy Court's denial of their discharge pursuant to Section 727(a)(4)(A) is denied. The Court affirms the rulings of the Bankruptcy Court in all respects.

The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated:   White Plains, New York
         April 12, 2024

_____
PHILIP M. HALPERN
United States District Judge

14